Gleam Davis (SBN: 123047)
*Gd2521@att.com*
**AT&T SERVICES, INC.**
2260 E. Imperial Hwy
El Segundo, CA 90245
Telephone:  (310) 964-5422

Attorneys for Defendant
AT&T Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN PAYTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T CORPORATION, and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 2:19-cv-01914**<br><br>(Los Angeles County Superior Court Case No. 19STCV04721)<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>(DIVERSITY JURISDICTION— CLASS ACTION FAIRNESS ACT)<br><br>LASC Complaint Filed:  February 13, 2019<br>Complaint Served:        February 15, 2019 |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant AT&T Corporation ("AT&T") hereby removes to this Court the state court action described below.[1]

### STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and that therefore may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453 for the reasons below.

### FEDERAL DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(d) (THE CLASS ACTION FAIRNESS ACT)

1.    On February 13, 2019, plaintiff Jonathan Payton filed a putative class action in the Superior Court of the State of California for the County of Los Angeles entitled: *JONATHAN PAYTON, individually, and on behalf of all others similarly situated, Plaintiff vs. AT&T CORP., and DOES 1 – 10, inclusive, Defendant*; Case No. 19STCV0472.

2.    On February 15, 2019, AT&T was served with the Summons, Class Action Complaint (the "Complaint"), Civil Case Cover Sheet, and other case-opening documents.

3.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"), which grants district courts original jurisdiction over putative class actions with more than 100 class members where the aggregate amount in controversy exceeds $5 million, and "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

---

[1] AT&T's relationships with its customers are governed by service contracts that contain agreements to arbitrate.  AT&T hereby reserves its right to compel Plaintiff to arbitrate his claims in accordance with his arbitration agreement.

4.    **Covered Class Action.**  This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  Payton alleges that he has filed his action as a "class action [] brought pursuant to California Code of Civil Procedure § 382" (Compl. ¶ 95 (p. 3)),[2] which governs class actions in California state court.

5.    **Class Action Consisting of More than 100 Members.**  The Complaint alleges that "[u]pon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical."  Compl. ¶ 126 (p. 7).  Accordingly, as alleged in the Complaint, the aggregate number of members of the putative class is greater than 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

6.    **Minimal Diversity.**  To satisfy CAFA's minimal diversity requirement, "any member of [the] class of plaintiffs" must be a "citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here.

7.    Specifically, Payton alleges that he is "a citizen and resident of the State of California, County of LOS ANGELES."  Compl. ¶ 97 (p. 3).

8.    By contrast, as alleged in the Complaint, AT&T is a corporation incorporated in New York with its headquarters and principal place of business in New Jersey. Compl. ¶ 98 (p. 3).  Accordingly, AT&T is a citizen of New York and New Jersey.  28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).[3]

---

[2] The paragraph numbers in the Complaint do not follow consecutively from 1 through the end of the Complaint, but rather start at paragraph 80 and then restart at paragraph 58 on page 8 (after paragraph 136). For clarity, references to the Complaint cite to the paragraph number and the page number in parenthesis.

[3] Payton named the wrong AT&T entity as defendant.  Payton's wireless carrier is AT&T Mobility LLC, which is a Delaware limited liability company with its headquarters and principal place of business in Georgia.  Thus, it is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(d)(10).

9.     CAFA's minimal diversity requirement therefore is satisfied:  Payton is a citizen of California while AT&T is a citizen of New York and New Jersey.

10.     **Amount in Controversy.**  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see also, e.g., Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).  Although AT&T denies the claims alleged in the Complaint and further denies that Payton, or any putative class member, is entitled to any monetary (or other) relief, the amount in controversy here satisfies the jurisdictional threshold, as explained below.

11.     The Complaint itself is silent as to the amount of damages sought, but as demonstrated herein, given the size of the putative class and the monetary relief sought, the amount in controversy exceeds $5 million, exclusive of interest and costs.

12.     This action is a putative class action in which Payton alleges that AT&T charged him, and the putative class, for a "'Mobile Protection Pack' ('the Class Service') without Plaintiff's authorization or consent."  Compl. ¶ 80 (p. 1).

13.     Payton purports to represent a putative class, "beginning four years prior to the filing of [the] Complaint, to the trial date," consisting of "[a]ll California consumers, who, between the applicable statute of limitations and the present, purchased Class Products,[4] and who were charged for Class Services attached to the Class Products." Compl. ¶¶ 122 (pp. 6-7), 59 (pp. 8-9).

14.     Payton's class definition contains a geographic limitation that limits the scope of the class to "California consumers." *Id*. ¶ 122 (pp. 6-7).

15.     In the Complaint, Payton seeks, *inter alia*, disgorgement and restitution of all AT&T revenues during the Class Period associated with the alleged false advertising, Compl. ¶ 82 (p. 12), and "full restitution of all funds acquired from

---

[4] Payton defines "the Class Service" as AT&T's "Mobile Protection Pack."  (Compl. ¶ 80 (p.1).

1    Plaintiff and Class Members from the sale of misbranded Class Products during the
2    relevant class period." Compl. ¶ 106(e) (p. 17).

3        16.    During the alleged Class Period, from February 13, 2015 to the present,
4    AT&T charged and collected in excess of $5 million from California customers in
5    connection with the Mobile Protection Pack service.  Declaration of Michael
6    Kleinstuber in Support of Defendant's Notice of Removal ("Kleinstuber Decl.") at
7    ¶ 3.

8        17.    In addition to the alleged restitution damages, when, as here, plaintiff
9    seeks injunctive relief, the defendant's cost of complying with the injunction is
10   included in the amount in controversy.  *See, e.g., Guglielmino v. McKee Food Corp.,*
11   506 F.3d 696, 701 (9th Cir. 2007); *Anderson v. Seaworld Parks & Entertainment,*
12   *Inc.*, 132 F. Supp. 3d 1156, 1161 (N.D. Cal. 2015).

13       18.    In the Complaint, Payton alleges that AT&T "expressly represented to
14   Plaintiff, through written statements, the true nature and quality of its products," and
15   that "[s]uch representations were clearly false because the true nature and quality of
16   the telephone and communication service was different than represented."  Compl.
17   ¶¶ 113 (pp. 5-6), 116 (p. 6).  On the basis of these allegations, Payton seeks injunctive
18   relief requiring AT&T "to cease advertising and charging the Class Services in a
19   manner that is deceptive, [and] to disclose the true price, nature, and quality of its
20   services in a conspicuous manner at or prior to the point of sale."  Compl. ¶ 94 (p. 3).

21       19.    The costs of complying with the injunctive relief sought in the
22   Complaint—which could include reviewing, revising, and disseminating revised point
23   of sale materials, training staff, notifying customers, and updating necessary support
24   systems—would be substantial and could itself exceed several million dollars
25   depending on the scope and timing of any such mandated changes.  Kleinstuber Decl.
26   at ¶ 4.

27       20.    The Complaint also seeks "[p]unitive damages, as allowable, in an
28   amount determined by the Court of jury." Compl ¶ 106(f) (p. 17).  "It is well

1  established that punitive damages are part of the amount in controversy in a civil
2  action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2007).

3      21.  AT&T denies that it, or AT&T Mobility LLC, employs any practice of
4  charging for services that are not disclosed to and authorized by their customers.  But
5  assuming *arguendo* that the allegations in the Complaint are true, the amount in
6  controversy arising from the claim for restitution for the putative class, together with
7  injunctive relief and punitive damages sought in the Complaint, clearly and
8  substantially exceeds the $5 million amount in controversy threshold under CAFA.

9  <center>**PROCEDURAL REQUIREMENTS**</center>

10      22.  In accordance with 28 U.S.C. §§ 1446(a) and 1453(b), true and correct
11  copies of all process, pleadings, and orders filed in the state court proceeding are
12  attached to this notice of Removal as **Exhibit 1**.

13      23.  This Notice of Removal is properly filed in this Court in accordance with
14  28 U.S.C. § 1441(a) because the state court from which this action was removed—
15  California Superior Court for Los Angeles County—is located within the Central
16  District of California.  *Id*. § 84(c)(2).

17      24.  In accordance with 28 U.S.C. § 1446(d), written notice of this removal
18  will be served on Payton and filed with the state court.  A copy of the proposed notice
19  to the plaintiff is attached as **Exhibit 2** and a copy of the proposed notice to the state
20  court is attached as **Exhibit 3**.  Both notices have had their accompanying attachments
21  removed.  These documents will be submitted after this Notice of Removal is filed.

22      25.  AT&T intends no admission of liability by this Notice of Removal and
23  expressly reserves all defenses, motion, and pleas—including its right to move to
24  compel Payton to resolve his disputes in arbitration on an individual basis.

25      26.  In the event of a dispute over removal, AT&T respectfully requests the
26  opportunity to submit such additional argument or evidence in support of removal as
27  may be necessary, in accordance with *Dart Cherokee Basin Operating Co. v. Owens*,
28  135 S. Ct. 547 (2014).

1     Dated:  March 15, 2019                AT&T SERVICES, INC.

2

3                                           By:  /s/ *Gleam Davis*
                                                 Gleam Davis

4                                                Attorneys for Defendant
                                                 AT&T Corporation
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28